IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SA'EEDU MASSAQUOI, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-01234 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| TROY WILLIAMSON, | : | |
| | : | |
| Respondent | : | |

### **M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Sa'eedu Massaquoi ("Massaquoi"), an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"). Massaquoi is challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. For the reasons that follow, the petition will be denied.

### **I.   Background**

On July 13, 1999, Massaquoi was arrested by agents from the Pennsylvania Board of Probation and Parole ("Board") for violations of his state parole which stemmed from several incidents of criminal activity occurring between January 11, 1999 and July 13, 1999. (Doc. 5-2 at 17.) Massaquoi remained in the primary custody of Pennsylvania state officials until September 16, 1999, at which time he

was produced from state custody pursuant to a federal writ of habeas corpus *ad prosequendum* to answer to charges of conspiracy, *see* 18 U.S.C. § 371, armed bank robbery, *see* 18 U.S.C. § 2113(d), using a firearm during a violent crime, *see* 18 U.S.C. § 924(c)(1)(A), brandishing a firearm during a violent crime, *see id.*, carjacking, *see* 18 U.S.C. § 2119, and felon unlawfully in possession of a firearm, *see* 18 U.S.C. § 922(g), in the United States District Court for the Eastern District of Pennsylvania. (Doc. 5-2 at 11.) After being found guilty of all charges, Massaquoi was sentenced on September 21, 2000 to a term of imprisonment of 646 months. (*Id.*)

On October 6, 2000, Massaquoi was returned to the custody of the State of Pennsylvania. (*Id.* at 20.) On January 31, 2001, the Board recommitted him as a convicted parole violator, to serve a state parole revocation term that would run consecutive to his federal sentence. (*Id.* at 22.) At that time Massaquoi received credit toward his state sentence from July 13, 1999 through September 21, 1999. (*Id.*)

On February 27, 2001, state officials relinquished custody of Massaquoi to federal authorities. (*Id.* at 24.) After it assumed primary custody of Massaquoi, the BOP calculated his federal sentence as beginning on February 27, 2001, with credit for time spent in official detention from September 22, 1999 to February 26, 2001.

(*Id*. at 30.) Factoring in good conduct time earned, Massaquoi's current projected release date is September 6, 2046. (*Id*.)

Massaquoi filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 9, 2007, challenging the BOP's calculation of his federal sentence. (Doc. 1.) On October 30, 2007, an order to show cause was issued, directing the respondent file an answer to the petition. (Doc. 4.) Respondent filed that answer on November 19, 2007. (Doc. 5.) This matter is now ripe for disposition.

**II. Discussion**

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, *see Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Massaquoi has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP. *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; *United States v.*

*Wilson*, 503 U.S. 329, 331–32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96.  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa. 1996).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus *ad prosequendum*. *Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers*, 920 F. Supp. at 622.  This is because the state, not the federal government, remains the primary custodian in those circumstances.  Further, the jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

A determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> > (1)  as a result of the offense for which the sentence was imposed; or
> >
> > (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id*. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. *See also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

In the instant case, Massaquoi claims that the BOP improperly credited him with the time he was serving in primary state custody from July 14, 1999 to February 27, 2001. He contends that this time period, spent in primary state custody and in part in secondary federal custody pursuant to the federal writ of habeas corpus *ad prosequendum*, should be credited towards his 12-month state parole revocation term,

5

which is to be served consecutive to his federal sentence.  Further, Massaquoi claims that 18 U.S.C. § 3585(b) does not apply in his case and that his federal sentence should not have begun until February 27, 2001, the date he was delivered to the official detention facility where his federal sentence was to be served.  However, the record reflects that the Board credited Massaquoi's state parole revocation term only with the time he spent in primary state custody from July 13, 1999 through September 21, 1999.  (*See* Doc. 5-2 at 22, 32.)  The remaining time he spent in primary state custody which was not credited against his state parole revocation term (from September 22, 1999, to February 26, 2001) was credited toward his federal sentence. (*See id.* at 30.)  Under 28 U.S.C. § 3585(b), applicable to Massaquoi's federal sentence, Massaquoi was entitled to receive this credit toward his federal sentence because that time was not already credited against his state sentence.  Thus, the BOP did not err in its calculation of Massaquoi's federal sentence.

**III.    Conclusion**

For the reasons set forth above, the court will deny Massaquoi's petition for writ of habeas corpus.

An appropriate order follows.

   s/Sylvia H. Rambo   
SYLVIA H. RAMBO  
United States District Judge

Dated:  December 18, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SA'EEDU MASSAQUOI, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-07-01234 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| TROY WILLIAMSON, | : | |
| | : | |
| Respondent | : | |

# O R D E R

**AND NOW**, this 18th day of December, 2008, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

2) The Clerk of Court is directed to **CLOSE** this case.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge